FORD
*v.*
TILDEN.

---

## EXECUTORS OF B. SHIELDS *v.* ZACHARIAH RICHARDSON.

Suit on a physician's account. Defendant excepted to the petition on the ground that there was no bill of particulars. The exception was overruled. *Held :* That the court erred. Where interrogatories were put to defendant, and from his answers it may be inferred that something is due, but the amount does not appear, and no bill of particulars was filed, as to which the defendant was specifically interrogated, and no explanation offered showing why the bill of particulars was not furnished, the court is without the means of determining how much is due plaintiff, and therefore can give no judgment for him.

APPEAL from the District Court of the Parish of Rapides, *Cushman*, J. *M. Ryan*, for plaintiffs. *Hyams*, for defendant. By the court:

DUNBAR, J. This is a suit brought on a medical account, the principal portion of which is one item of three hundred and twenty-seven dollars, as per account rendered, the only other item being a charge of six dollars.

To this demand the defendant pleaded, by way of exception, that no bill of particulars had been filed with the petition of plaintiffs; that he, the defendant, had a right to demand an account, in detail, of the charges against him, and ended with praying that he might not be compelled to answer until a bill of particulars should be filed. This exception was overruled by the district judge. We think there was error in this ruling. *Ledoux* v. *Gozo*, 2 Ann. 395.

The plaintiffs then proceeded to trial upon the answers of the defendant to interrogatories, without any further evidence. There was judgment against him, and he has appealed.

The defendant, in answer to the interrogatories, says : " That he thinks the account is not correct; that he does not know if he owes anything or not, but that he thinks he has paid him, *Dr. Shields*, all that his services were worth." The plaintiffs' counsel however contends, in argument, that if these answers tend to exonerate the defendant, that there is another portion of his answers which fix his liability. The defendant, after stating that *Dr. Shields* had presented his account to him in the spring of 1848, for services rendered up to June, 1847, says: " That he told him there were errors in it which he must correct; he, *Dr. Shields*, did correct one item. He told him there were further and greater errors, which he must correct before he, the defendant, would pay the account. Defendant then thought that the several amounts which he had paid him up to that time, were fully equal to the value of his services."

The counsel of plaintiffs says, that it is plain from the above answers that something is due to his clients, but that something is more than we can divine. Of this it appears to us the plaintiffs have no right to complain. If they had filed a bill of particulars it would have enabled the defendant, in all probability, to point out, in the account, the errors complained of, and in that way alone could

EXECUTORS OF
SHIELDS
*v.*
RICHARDSON.

the balance, if any, be ascertained. No excuse has been given, such as the loss of the books of the deceased, or any other good reason for failing to file a bill of particulars. This view of the case makes it unnecessary to decide upon the plea of prescription.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.